UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PRISTAL ALEXANDER PETRO and
GERALD WEATHERSBY,

                Plaintiffs,         **COMPLAINT**

          - vs -                    Index No.:

OUTBACK STEAKHOUSE of FLORIDA, INC.,
and DEBRA CLEVELAND,
                Defendants.

_____

**JURY TRIAL DEMANDED**

**PRELIMINARY STATEMENT**

      This is an action by plaintiffs alleging discrimination on the basis of race and sexual harassment.  Plaintiffs Pristal Alexander Petro and Gerald Weathersby contend that the defendant Outback Steakhouse of Florida, Inc., through its agent defendant Debra Cleveland subjected them to repeated racial comments and lower wages merely because they are of African-American descent.  Defendant Debra Cleveland subjected them to sexually explicit comments and propositioned defendant Gerald Weathersby.  As a result, the plaintiffs Pristal Alexander Petro and Gerald Weathersby sustained emotional distress, loss of employment, employment opportunities and benefits set forth herein.

**JURISDICTION**

    1. This Court has jurisdiction of the plaintiffs' claims against defendant for discriminatory conduct on the basis of gender in violation of Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. 2000(e), *et seq.,* as amended and 28 U.S.C. §1331, as well as pendent jurisdiction over plaintiff's claims based on such conduct as a violation of the, *inter alia,* Sec. 296 of the

Executive Law of the State of New York.

2. This action also arises under federal law, particularly Title 42 USC §1981 and 1988, seeking redress for denial of equal benefits of all laws as is enjoyed by white citizens.

3. Plaintiffs exhausted all administrative remedies and were advised of their right to file an action in this Court by decision of the Employment Opportunity Commission dated May 5, 2004.

## PARTIES

4. Plaintiff Pristal Alexander Petro (hereinafter "Petro") is a male citizen of the United States and is of African-American descent, residing at all times relevant herein at 116 Odell Avenue, Endicott, County of Broome, State of New York.

5. Plaintiff Gerald Weathersby (hereinafter "Weathersby") is a male citizen of the United States and is of African-American descent, residing at all times relevant herein at 16 Haendel Street, Binghamton, County of Broome, State of New York.

6. Upon information and belief, defendant Outback Steak House of Florida, Inc. (hereinafter "Outback") is a foreign corporation that operates a nationwide group of restaurants.

7. Defendant Outback maintains a restaurant at 3140 Vestal Parkway East, Vestal, New York.

8. Upon information and belief, at all times herein mentioned, defendant Debra Cleveland (hereinafter "Cleveland") was and still is the proprietor and general manager of the Outback restaurant in Vestal, New York, with direct and indirect managerial responsibility over plaintiffs Petro and Weathersby and defendant Cleveland had authority with respect to hiring and firing decisions and participated in the unlawful conduct complained of herein.

## STATEMENT OF CLAIMS

## AS AND FOR A FIRST CAUSE OF ACTION (PRISTAL ALEXANDER PETRO)

9. In or about November of 2001, plaintiff Pristal Alexander Petro was hired by defendant Outback as a dishwasher.

10. Plaintiff Petro was in all respects qualified to do his job, and worked at defendant Outback for several years without incident.

11. At all times hereinafter mentioned, the plaintiff Petro carried out his responsibilities in the defendants' employ in a satisfactory manner.

12. Upon information and belief, defendant Debra Cleveland, who was the proprietor and general manager of the Outback located in Vestal, New York, assumed her duties in or about December of 2002.

13. Thereafter, defendant began making racially based derogatory comments to the plaintiff.

14. Plaintiff had run into the employee entrance at night where Cleveland was holding the door open, whereupon the defendant Cleveland told plaintiff that he couldn't come running at her like that, and asked; didn't he know that "a black person can't run in the door like that?".

15. On an occasion when the plaintiff asked for the day off when the company picnic was scheduled, he was informed by the defendant Cleveland that "white people get the day off first".

16. The defendant Cleveland would refer to the plaintiff in derogatory vulgar street language, such as "punk bitch".

17. Having asked for a raise, plaintiff was turned down, and upon information and belief at the time was the lowest paid cook in the restaurant merely because of his skin color.

18. As a direct and proximate cause of defendant's conduct, plaintiff was made to feel demeaned, embarrassed and humiliated.

WHEREFORE, plaintiff requests compensatory damages and punitive damages in an amount to be proven at trial.

## AS AND FOR A SECOND CAUSE OF ACTION (PRISTAL ALEXANDER PETRO)

19.  Plaintiff realleges and incorporates herein the allegations set forth in paragraphs "1" through "18" above as though fully set forth herein.

20.  The defendant Cleveland sexually harassed the plaintiff Petro.

21.  The defendant Cleveland rubbed up against plaintiff.

22.  Defendant Cleveland told the plaintiff that she would give him a "blow job".

23.  The defendant Cleveland nipped at and bit plaintiff's face and punched him on various parts of his body.

24.  The advances made by the defendant Cleveland made the plaintiff feel uncomfortable and embarrassed and demeaned.

25. On or about May or June of 2003, the plaintiff complained of the actions to Jesse Blackwell, who was at that time the kitchen manager.

26.  The following day, the defendant Cleveland told the plaintiff that if he ever mentioned discrimination again, that he would be fired.

27.  The plaintiff was not required to report any discriminatory or sexually harassing activity any further up the chain of command, as defendant Cleveland was the owner and proprietor of the Vestal Outback Steakhouse restaurant.

28.  As a direct and proximate cause of defendant's conduct, plaintiff was made to feel demeaned, embarrassed and humiliated.

WHEREFORE, plaintiff Pristal Alexander Petro requests compensatory damages and punitive damages in an amount to be proven at trial.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT OUTBACK STEAKHOUSE OF FLORIDA, INC.

29. The defendant Outback Steakhouse of Florida, Inc., despite a published policy regarding sexual harassment, failed to enforce its own measures and failed to adequately train the defendant Cleveland with regards to sensitivity to racial discrimination and sexual harassment.

30. The defendant Outback abrogated its responsibility towards the plaintiff by failing to properly train the employees including the plaintiff of the proper procedures in proceeding with a complaint against supervisory personnel.

31. As a direct and proximate cause of defendant's conduct, plaintiff was made to feel demeaned, embarrassed and humiliated.

WHEREFORE, plaintiff requests compensatory damages and punitive damages in an amount to be proven at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION (GERALD WEATHERSBY)

32. Plaintiff repeats and realleges paragraphs "1" through "31" as if fully set forth herein.

33. Plaintiff Gerald Weathersby was hired by the defendant Cleveland as a cook in or about June of 2002.

34. At all times hereinafter mentioned, the plaintiff Weathersby carried out his responsibilities in the defendants' employ in a satisfactory manner.

35. Plaintiff duties and responsibilities required the most responsibility of all the cooks, yet he learned that he was paid at the same level as the lowest level cook, who was also a person of color.

36. Defendant Cleveland began propositioning the plaintiff.

37. On or about July 13, 2003, the defendant Cleveland propositioned the plaintiff, and was told that he was not interested in getting together with her.

38. The defendant Cleveland told the plaintiff that he should feel privileged, that she had

never been turned down by a black man before.

39. The plaintiff was not allowed to eat on the line, while white employees were allowed.

40. When food was made for the staff, the plaintiff was told that it was only for white people.

41. As a direct and proximate cause of defendant's conduct, plaintiff was made to feel demeaned, embarrassed and humiliated.

42. Plaintiff resigned rather than be further discriminated against.

WHEREFORE, plaintiff requests compensatory damages and punitive damages in an amount to be proven at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION (GERALD WEATHERSBY)

43. Plaintiff repeats and realleges paragraphs "1" through "42" as if fully set forth herein.

44. After the defendant Cleveland hired the plaintiff, the defendant Cleveland began directing inappropriate comments at plaintiff, such as

   a. "Look at that ass".

   b. "You've got a hot bod".

   c. "I finally have something good to look at on the grill".

45. The plaintiff attempted to ignore the comments made by the defendant Cleveland; the defendant began touching the plaintiff hips, thighs and buttocks and began rubbing her breasts and buttocks against the plaintiff.

46. The plaintiff spurned the defendant's advances.

47. The plaintiff did nothing to welcome any of the defendant's advances.

48. On one occasion, the defendant Cleveland told the plaintiff that she could make life easy for the plaintiff or she could make it hard.

49. On or about July 13, 2003, the defendant Cleveland approached the plaintiff for the third

time regarding getting together with her.

50.  She told the plaintiff that she was impatient and persisted for an answer.

51.  The plaintiff informed the defendant that he was living with someone and about to become engaged and was not interested in getting together with defendant.

52.  Defendant Cleveland told the plaintiff that he should feel privileged and that she had never been turned down by a black man before.

53.  The acts of the defendant Cleveland made the plaintiff uncomfortable in a working environment.

54.  The defendant Cleveland was plaintiff's boss and supervisor.

55.  Plaintiff resigned his position rather than be further harassed.

56.  The plaintiff was not required to report any discriminatory or sexually harassing activity any further up the chain of command, as defendant Cleveland was the owner and proprietor of the Vestal Outback Steakhouse restaurant.

57.  As a direct and proximate cause of defendant's conduct, plaintiff was made to feel demeaned, embarrassed and humiliated.

WHEREFORE, plaintiff requests compensatory damages and punitive damages in an amount to be proven at trial

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT OUTBACK STEAKHOUSE OF FLORIDA, INC.

58.  The defendant Outback Steakhouse of Florida, Inc., despite a published policy regarding sexual harassment, failed to enforce its own measures and failed to adequately train the defendant Cleveland with regards to sensitivity to racial discrimination and sexual harassment.

59.  The defendant Outback abrogated its responsibility towards the plaintiff by failing to

properly train the employees including the plaintiff of the proper procedures in proceeding with a complaint against supervisory personnel.

WHEREFORE, plaintiff requests compensatory damages and punitive damages in an amount to be proven at trial.

## AS AND FOR A SEVENTH CAUSE OF ACTION UNDER THE NEW YORK STATE EXECUTIVE LAW
## (PENDENT STATE CLAIMS)

60. Plaintiffs reallege and incorporate herein the allegations set forth in paragraphs "1" through "59" above as though fully set forth herein.

61. The aforesaid conduct of the defendant Outback and its employees and agents violates the Human Rights provisions of §296 of the Executive Law of the State of New York.

62. The defendants' conduct is discriminatory conduct in violation of, *inter alia,* 296 of the Executive Law of the State of New York and plaintiffs are entitled to actual damages in an amount to be proven at trial and punitive damages in an amount to be proven at trial.

**WHEREFORE**, plaintiffs are entitled to judgment against each of the defendants as follows:

1. Award plaintiffs Pristal Alexander Petro and Gerald Weathersby compensatory damages in each cause of action in an amount in excess of $250,000.00 each.

2. Award plaintiffs Pristal Alexander Petro and Gerald Weathersby punitive damages in each cause of action in an amount to be proven at trial.

3. Award plaintiff Pristal Alexander Petro and Gerald Weathersby the costs, disbursements and attorney's fees for the prosecution of this matter along with such other and further relief as the Court may deem just and proper.

Dated: Binghamton, New York
       August 5, 2004

                                                        _____
                                                        KEVIN F. GUYETTE, Esq.
                                                        Federal Bar Roll No. 601196
                                                       *Attorney for Plaintiff*
                                                        The Press Building ~ Suite 1101
                                                        19 Chenango Street
                                                        Binghamton, New York 13901
                                                        (607) 773-0758